UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CYNTHIA ZAWACKI, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WILLIAM P. FOLEY, d/b/a, )<br>Moosehead Hills Cabins, et al., )<br>)<br>Defendants ) | 1:14-cv-00089-JCN |

**ORDER ON MOTION TO EXCLUDE TESTIMONY**
**(ECF NO. 18)**

In this action, Plaintiffs seek to recover damages that allegedly result from a fall that Plaintiff Cynthia Zawacki experienced on Defendants' property in Greenville, Maine, on January 1, 2010. Plaintiffs contend that Defendants' negligence caused the fall and related injuries. In particular, Plaintiffs allege that Plaintiff Cynthia Zawacki "walked through a doorway not secured by a door or gate and fell down a steep flight of stairs that led to the basement, causing serious physical injuries." (Pl. Compl. ¶ 6.)

The matter is before the Court on Defendants' Motion to Exclude Testimony from Plaintiffs' Designated Expert William L. Flanders, PE (ECF No. 18). In their motion, Defendants maintain that exclusion of the testimony of Plaintiffs' designated expert witness is appropriate because the expert lacks sufficient knowledge of the fall, and he employs a standard that is not applicable to Defendants' property. As explained below, after consideration of the parties' arguments, the Court grants in part and denies in part Defendants' motion.

**Discussion**

The Federal Rules of Evidence provide that a person with expert or specialized "knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise" if the testimony would prove helpful to the finder of fact and is supported by sufficient indicia of reliability. Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). In general, reliability is determined based on the presence of sufficient facts or data, reliable principles and methods, and proper application of the principles and methods to the facts or data at issue in the case. Fed. R. Evid. 702(b), (c), (d). In this manner, the Rules of Evidence impose a "gatekeeping role for the judge," who must evaluate proposed expert testimony in light of its ability to assist with the "particularized resolution of legal disputes." *Daubert*, 509 U.S. at 597.

Although the applicable rules do not impose any particular procedure that must be followed when evaluating expert testimony, "the gatekeeper function must be performed." *Smith v. Jenkins*, 732 F.3d 51, 64 (1st Cir. 2013). When performing the gatekeeping function, courts should require that the proponent of the expert testimony demonstrate "that the expert's conclusion has been arrived at in a scientifically sound and methodologically reliable fashion," but courts should not require proof that the expert's conclusion is in fact correct. *Ruiz–Troche v. Pepsi Cola of P.R. Bottling Co.,* 161 F.3d 77, 85 (1st Cir. 1998). "[W]hen the adequacy of the foundation for the expert testimony is at issue, the law favors vigorous cross-examination over exclusion." *Carmichael v. Verso Paper, LLC,* 679 F. Supp. 2d 109, 119 (D. Me. 2010). "If the factual underpinnings of [the expert's] opinions [are] in fact weak, that [is] a matter affecting the weight and credibility of their testimony." *Payton v. Abbott Labs,* 780 F.2d 147, 156 (1st Cir.1985). "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not

the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Brown v. Wal–Mart Stores, Inc.*, 402 F. Supp. 2d 303, 308 (D. Me. 2005) (quoting *Larson v. Kempker,* 414 F.3d 936, 941 (8th Cir. 2005)).  However, if an expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, the opinion must be excluded on foundational grounds. *Zuckerman v. Coastal Camps, Inc.*, 716 F. Supp. 2d 23, 28 (D. Me. 2010).

In support of his opinion that the stairs down which Plaintiff Cynthia Zawacki fell were unsafe, the expert witness (William Flanders) relies in part on the standard set forth in the Maine Uniform Building and Energy Code, which includes the International Residential Code (the Code). The Code applies to municipalities with a population of 4,000 or more. Because Greenville's population is less than 4,000, the Code does not govern construction in Greenville. Greenville has not otherwise adopted a building code.

Defendants maintain that because Mr. Flanders relies on the standard in a code that is not by law applicable to their property, Mr. Flanders's testimony must be excluded. Whether a municipality has adopted a particular building code, or whether a certain code governs construction in a municipality does not control the Court's assessment of whether an "expert's conclusion has been arrived at in a scientifically sound and methodologically reliable fashion." *Ruiz–Troche,* 161 F.3d at 85.

Here, Mr. Flanders notes that the Code is designed "to provide minimum requirements to safeguard the public safety, health and general welfare." (Flanders Report, p. 2.) He also describes the Code as providing a "common construction standard." (Flanders Dep., p. 29; Flanders Report, p. 2.) Mr. Flanders thus relies on the Code to establish a general safety standard. In this way, Mr. Flanders has offered an acceptable basis for his opinions regarding the condition of the stairs.

Defendants' challenge to Mr. Flanders's reliance on the Code is appropriately left to cross-examination.

Defendants also argue that exclusion is warranted because Mr. Flanders testified that he did not know how Plaintiff Cynthia Zawacki fell. Not insignificantly, Plaintiffs evidently have not offered Mr. Flanders as an expert witness on the issue of causation. That is, Mr. Flanders purports to testify as to the condition of the stairs, and has not offered any testimony as to how the condition of the stairs contributed to the fall. Mr. Flanders's knowledge of the circumstances of the fall, therefore, is not relevant to his ability to offer the opinions for which he has been designated.[1]

Although Plaintiffs have demonstrated that Mr. Flanders has a sufficient foundation from which to testify regarding the condition of the stairs, Plaintiffs have failed to establish that Mr. Flanders should be permitted to offer expert testimony regarding the lack of a gate or guard at the top of the stairs. Unlike with the stairs, Mr. Flanders does not rely on the Code or any other authoritative reference to support his opinion that "without a gate at the top of the stairway and the stairway being adjacent to the bedroom door on the same plane presents a dangerous condition, especially during nighttime travel between bedroom and kitchen." (Flanders Report, p. 4.) In fact, Mr. Flanders evidently does not rely on his training as an engineer to support his opinion. Rather, he simply cites his "past practice" as "a renter of summer cottages." (Flanders Dep., pp. 29-30.) Regardless of the merit of Mr. Flanders's observation, on this record he is no more qualified to offer the opinion than a non-expert witness. While Plaintiffs can argue to the factfinder that

---

[1] The issues for the Court at this stage of the proceedings are whether Mr. Flanders is qualified to testify as to the proffered opinions and whether Mr. Flanders has a sufficient foundation on which to rely to support the opinions. For purposes of this motion, the Court assumes that at trial Plaintiffs will produce evidence as to how the condition of the stairs is relevant to Defendants' alleged liability. If Plaintiffs fail to present such evidence, Defendants can challenge Mr. Flanders's testimony on relevancy grounds.

Defendants were negligent because they failed to have a gate or guard at the top of the stairs, Plaintiffs cannot offer Mr. Flanders's testimony to support that contention.

## Conclusion

Based on the foregoing analysis, the Court grants in part and denies in part Defendants' Motion to Exclude Testimony from Plaintiffs' Designated Expert William L. Flanders, PE (ECF No. 18). Plaintiffs' expert, William Flanders, may testify regarding the condition of the subject stairs, but he may not testify regarding the lack of a gate or guard at the top of the stairs.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of May, 2015.