UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| CYNTHIA ZAWACKI, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:14-cv-00089-JCN |
| ) | |
| WILLIAM P FOLEY, d/b/a ) | |
| MOOSEHEAD HILLS CABINS, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF DECISION [1]

In this action, Plaintiffs Cynthia and William Zawacki seek to recover damages that they allegedly suffered as the result of a January 1, 2010, incident that occurred on the property of Defendants William Foley and Sally Johnson, who at the time were doing business as Moosehead Hills Cabins. The matter is before the Court on Defendants' Motion for Summary Judgment (ECF No. 37).

As explained below, following a review of the summary judgment record, and after consideration of the parties' written arguments, the Court denies the motion.

### BACKGROUND [2]

Plaintiff Cynthia Zawacki rented a cabin from Defendants for a stay to begin on December 27, 2009, and conclude on January 1, 2010. (Plaintiffs' Statement of Additional Material Facts

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to have United States Magistrate Judge John C. Nivison conduct all proceedings in this case, including trial, and to order entry of judgment.

[2] The facts set forth herein are derived from the parties' Local Rule 56 statements of material facts, and are presented in the light most favorable to Plaintiffs.

(PSAMF) ¶ 17, ECF No. 40.)[3] She and her group stayed at one cabin for the first three nights, and then relocated to another cabin for their final night. (*Id.* ¶ 18.) On the final evening, after the other members of Ms. Zawacki's group went to bed, she relaxed in the living area of the cabin. (*Id.* ¶ 20.) When she retired for the evening, Ms. Zawacki fell down a set of stairs when she mistook the doorway to the stairs for the lower level for the doorway to her bedroom. (*Id.* ¶ 22.) The doorway to the stairs down which she fell was next to the doorway to her bedroom. (*Id.* ¶ 19.) The doorway to the stairs was not secured by a door or gate. (Defendants' Statement of Material Facts (DSMF) ¶ 2, ECF No. 38.)[4]

According to Ms. Zawacki, all of the lights in the cabin were off at the time of her fall, but the cabin was dimly lit, including by natural light from a full moon. (DSMF ¶¶ 6 – 7.) She recollects "stepping off" and falling. (*Id.* ¶¶ 9 – 10.) Ms. Zawacki concedes that the incident would not have occurred if the lights had been on because she would have seen what was there to be seen. (*Id.* ¶ 8.)

Plaintiffs' liability expert, William Flanders, P.E., opines that the stairs do not comply with common construction practices (i.e., the Maine Uniform Building and Energy Code and the 2009 International Residential Code).[5] (PSAMF ¶ 29.) Mr. Flanders maintains that the stairs are too steep and present an unsafe or dangerous condition, particularly for nighttime travel to the bedroom. (*Id.* ¶ 32.) Mr. Flanders is not aware of the circumstances of Ms. Zawacki's fall, and he offers no opinion on causation. (DSMF ¶¶ 15 – 16.)

---

[3] Citations to Plaintiffs' Statement of Additional Material Facts are meant to include reference to Defendants' Reply Statement (ECF No. 41), wherein Defendants admit, qualify, or deny Plaintiffs' statements.

[4] Citations to Defendants' Statement of Material Facts are meant to include reference to Plaintiffs' Opposing Statement (ECF No. 40), wherein Plaintiffs admit, qualify, or deny Defendants' statements.

[5] The Town of Greenville has not adopted the Code, but Mr. Flanders considers the standards contained in the Code to reflect common construction standards. (PSAMF ¶ 31.)

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "After the moving party has presented evidence in support of its motion for summary judgment, 'the burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor.'" *Woodward v. Emulex Corp.*, 714 F.3d 632, 637 (1st Cir. 2013) (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 158 (1st Cir.1998)).

A court reviews the factual record in the light most favorable to the non-moving party, resolving evidentiary conflicts and drawing reasonable inferences in the non-movant's favor. *Hannon v. Beard*, 645 F.3d 45, 47-48 (1st Cir. 2011). If the court's review of the record reveals evidence sufficient to support findings in favor of the non-moving party on one or more of his claims, then there is a trial-worthy controversy and summary judgment must be denied to the extent there are supported claims. Unsupported claims are properly dismissed. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.").

## DISCUSSION

Defendants contend that they are entitled to summary judgment because Plaintiffs cannot establish that Defendants proximately caused Ms. Zawacki's fall. (Motion at 2 – 3.) "The question of whether a defendant's acts or omissions were the proximate cause of a plaintiff's injuries is generally a question of fact, reserved for the jury's determination." *Tolliver v. Dep't of Transp.*, 2008 ME 83, ¶ 42, 948 A.2d 1223, 1236. The Maine Supreme Judicial Court has explained that proximate cause contains two elements, substantiality and foreseeability:

> Evidence is sufficient to support a finding of proximate cause if the evidence and inferences that may reasonably be drawn from the evidence indicate that the negligence played a substantial part in bringing about or actually causing the injury or damage and that the injury or damage was either a direct result or a reasonably foreseeable consequence of the negligence.

*Id.* (quoting *Merriam v. Wanger*, 2000 ME 159, ¶ 8, 757 A.2d 778, 780). *See also Merriam*, 2000 ME 159, ¶ 9, 757 A.2d at 781 ("A consequence of negligence is reasonably foreseeable if the negligence has created a risk which might reasonably be expected to result in the injury or damage at issue, even if the exact nature of the injury need not, itself, be foreseeable.").

According to Defendants, Ms. Zawacki's concession that she would not have fallen had the lights been on precludes any possibility that she might prove causation. Defendants rely, principally, on *Addy v. Jenkins, Inc.*, 2009 ME 46, 969 A.2d 935, in which the Maine Supreme Judicial Court affirmed the entry of summary judgment in favor of a defendant contractor who set up unsafe staging, where the plaintiff, a subcontractor's employee, lacked a memory of how or why he fell.

The facts of *Addy* are distinguishable from the circumstances of Plaintiff's fall and the record evidence in this case. First, in *Addy*, where no one witnessed the plaintiff's fall, the plaintiff did not know whether he fell from the staging, the roof of an adjacent building, or from a ladder. 2009 ME 46, ¶ 5. In addition, after acknowledging that the record contained evidence that the plaintiff fell from the staging, the Court noted that the plaintiff "does not recall whether his fall was connected in any way to the absence of a ladder, platform, or railing on the staging." *Id.* at ¶ 11.

Unlike in *Addy*, Plaintiffs have not only presented reliable evidence regarding the location of the fall (*i.e.*, down the stairs after taking a step through the doorway), but have also introduced evidence upon which a fact finder could connect Defendant's alleged negligence to the fall.

Plaintiff's claim is based at least in part on Defendants' failure to identify or guard adequately the stairway down which Ms. Zawacki fell. On this record, a fact finder could reasonably conclude that she would not have fallen if the stairway had been identified differently or guarded in some way. Whether reasonable care required Defendants to place a guard at the top of the stairs or to identify for their guests the location of the stairway is an issue for the fact finder. Accordingly, Defendants are not entitled to summary judgment.[6]

## CONCLUSION

Based on the foregoing analysis, the Court denies Defendants' Motion for Summary Judgment.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of August, 2015.

---

[6] The fact that Ms. Zawacki testified that the incident would not have occurred if the lights were on is not dispositive of the causation issue. An injury can have more than one legal cause. *Hinton v. Outboard Marine Corp.*, 828 F. Supp. 2d 366, 382 (D. Me. 2011) (citing Donald G. Alexander, Maine Jury Instruction Manual § 7-81 (4th ed. 2003)).